JAMES E. ENGLISH
vs.
ALVIN C. SMITH, ET AL.

Superior Court      New Haven County          File #51881

Present:   Hon. ERNEST A. INGLIS, Judge.

E. E. Sinn,                          Attorney for the Plaintiff.

O. M. Platt,                        Attorney for the Defendants.

MEMORANDUM FILED JULY 1, 1937.

INGLIS, J.    The first eight grounds of demurrer to the first count of the substituted complaint are based on the contention that the bonds referred to in the substituted complaint were issued pursuant to **Sections 466-472 of the General Statutes** in which event they would be general obligations of the Town of Milford rather than (as contended by the plaintiff) pursuant **to Section 138c, Cum. Supp., 1935,** under which, although they would be obligations of the town, they could be paid only from funds derived from the net revenues of the sewerage system to pay for which they were issued.

Unfortunately for the defendants' claim it is alleged as a fact in the substituted complaint, (and not as a conclusion of law) that the bonds were issued by the authority of the Board

of Sewer Commissioners and in accordance with **Section 138c, Cum. Supp., 1935.** This allegation of fact is not overcome by the fact that the specimen bond annexed to the complaint does not contain the statement as directed by said Section 138 c that it has been issued under the provisions of **Chapter 33a of the Cumulative Supplement of 1935,** and that it does not constitute an indebtedness of the town within the statutory limitation. Such a direction may well be claimed to be merely directory and therefore its omission from the bonds does not necessarily indicate that those bonds were not issued pursuant to that statute.

It is clear, therefore, that in order to pass upon the questions raised by the first eight grounds of demurrer it will first have to be determined as a matter of fact whether the bonds were issued pursuant to said Section 138 c or pursuant to **Sections 466-472 of the General Statutes.**

The ninth ground of demurrer to the first count is that it is not alleged that the defendants ever received any of the money mentioned. This count is brought to recover for the benefit of the Town money paid by the Town on account of the principal and interest on the bonds issued and the expense of issuing the bonds.

It is to be noted that it is not alleged in the substituted complaint that the Board of Sewer Commissioners or the sewer district is a distinct municipality. On the contrary it is alleged that Alvin C. Smith, et al. were appointed to The Board of Sewer Commissioners pursuant to the **Special Act of 1931** and **Sections 128 c through 150 c Cum. Supp. 1935.** Reference to those acts makes it clear that it was not contemplated that The Board of Sewer Commissioners should be a separate municipal corporation but rather that they should be officers of the Town of Milford.

Assuming, therefore, that the substituted complaint alleges with sufficient definiteness that the sewers were built and the bonds issued pursuant to **Chap. 33 a of the Cumulative Supplement, 1935,** still it does not follow that the Town has paid out the money referred to in the first count for the benefit of the members of the Board of Sewer Commissioners either individually or as a board. If the plaintiff is right in his contention that the burden to pay for the sewers and in particular to pay the bonds issued rests upon those property owners who are specially benefited by the sewers, even then it does

not follow that that burden is on the members of the Board. The theory upon which the plaintiff is proceeding is that the Town has paid out money which the property owners specially benefited should have paid and that, therefore, those property owners have been unjustly enriched at the expense of the Town. If that is so, he, for the benefit of the Town, may have a cause of action against those property owners He does not allege however, except possibly as a conclusion of law which is inconsistent with the law as stated even in **Chapter 33 a Cum. Supp. 1935,** that the members of the Board of Sewer Commissioners have been unjustly enriched at the expense of the Town. Nor can he on his complaint if he takes the position that the proceedings have been under **Chap. 33 a Cum. Supp. 1935,** claim any breach of duty on the part of said Board in failing to make an assessment of benefits because under **Chapter 33a,** the duty is not on them to levy such an assessment. That duty is upon the "legislative body" of the Town, which is the selectmen. If he claims that the proceedings have been pursuant to the **Special Acts of 1935,** he still has not alleged any breach of duty to lay assessments.

For the foregoing reasons the demurrer to the first count of the substituted complaint is sustained on the ninth ground **thereof.**

In the second count of the substituted complaint the plaintiff seeks to recover the sum of $20,000. which he alleges was paid from the general funds of the Town to the Board of Sewer Commissioners to be applied to the expense of constructing lateral sewers. His claim must be, in order to sustain that count, that the Town had no authority to use its general funds for such a purpose. Such is not the law.

It is true that **Sections 137 c and 138 c Cum. Supp. 1935,** provide that a town may meet the expense of the construction of sewers by issuing bonds even in excess of its debt limit which bonds shall be revenue bonds payable only out of the net revenue of the sewerage system. Those sections however, do not limit a town to the use of such a method of financing. In fact **Sec. 137 c** provides that such a method is simply an alternative to the methods provided in **Sections 128 c to 136 c** which a town may adopt if it sees fit.

**Section 131 c** provides that "Any power granted by this chapter (and Sections 137 c and 138 c are in the same chapter) shall be in addition to and not in derogation of, any power

existing or hereafter granted in any of the towns . . . . under any statutory or charter provision."

**No. 322 of the Special Laws of 1931** grants to the Town of Milford the power to construct sewers and in no way restricts its paying for them to the use of funds raised by assessments of benefits or any other method. That is, that special act permits Milford to use its general funds to pay for the construction of sewers.

As pointed out by this Court, O'Sullivan, Judge, in a memorandum on a former demurrer, it is entirely possible that the assessment of benefits would not yield a fund large enough to pay for the sewer in full and it can hardly be imagined that the legislature in passing **Chapter 33 a Cum. Supp. 1935,** intended to put any town in the position where it could not install a much needed sewer unless in advance of starting the work it had levied and collected assessments of benefits adequate in amount to pay for the sewer.

It clearly is within the power of the Town of Milford to advance money out of its general funds to pay the expenses of installing the lateral sewers in question.

The demurrer to the second count of the substituted complaint is sustained on grounds numbered 1, 2, 6 and 7.